Caeuthees, J.,
delivered the opinion of the court.
Wright, as executor of McCulloch, recovered a judgment by vconfession for five hundred and fifty dollars, for *128 a debt due to testator, against Alfred Pearce, in Rutherford circuit court, at its November Term, 1847. Wright died in 1851, without collecting this judgment, and the plaintiff was appointed administrator of the goods not administered, with the will annexed of the said McCul-loch. Whereupon, this action of debt was instituted upon the said judgment. The declaration was filed at July Term of Rutherford circuit court, 1851, to which there is a general demurrer and joinder. The demurrer was sustained, and appeal to this court.
The only question is, will an action of debt lie in such a case?
An administrator de bonis non, succeeds to all the rights, powers, and duties of his predecessor in the administration; 1 Wil. on Ex., 596. He steps into his shoes, and takes up the business of the estate where he left it. The duties and powers of such an administration, relate back to the death of the person of whom he is the second representative. He has all the rights and powers over the assets, which remain unadministered, that his predecessor had. • The duty and right to collect all the debts remaining uncollected, and not accounted for by the first administrator or executor, devolve upon him. This would apply to all choses in action of the deceased, whether in suit or not; and as well to judgments not collected, as to claims not sued upon. The only question is, are such notes, claims or judgments, assets of the estate represented by the latter administrator? If so, he has a right to recover them; 1 Chitty’s PL, 22. The principle is so far extended, as that an administrator de bonis non can sue on a promise made to a former administrator, 'and he may join counts or promises made to their intestate.
*129 Then, in this case, all that remains to be determined is, whether the plaintiff has adopted the proper mode of asserting this unquestionable right? It is argued, that he cannot bring an action of debt upon the judgment obtain-, ed by his predecessor. Why not ? The judgment belongs to the estate, and not to the executor, Wright, in whose name it was recovered. The judgment is in his favor in his representative character, and does not vest in him individually. To be sure, he had full control over it, and could have released, discharged or collected it, by which he would have made it his own, and he and his securities would have been accountable for the amount to the estate. In that event, the judgment debtor would not have been liable to the suit of the administrator de bonis non. But if the judgment recovered by Wright, as executor, remained unsatisfied and unappropriated by him, the collection of it can certainly be enforced by the plaintiff, who succeeded to all his rights and powers in the matters of McCulloch’s estate remaining unsettled.
Debt will lie upon a judgment. 1 Chitty’s Pl. 111, 370.
There was, perhaps, no other way by which a judgment in favor of an administrator, who died before its collection, could be enforced by an administrator de bonis non, but to sue upon it, until act of 1851, ch. 20, gave the writ of scire facias. What more cheap and summary remedy might have been resorted to in this case by the plaintiff? But that statute does not take away the common law right of suing, but is merely cumulative, and the party may adopt either; 3 Greenl. 303. It is no ground of complaint by defendant, that the more dilatory mode of proceeding has been adopted by the plaintiff.
We therefore reverse the judgment below, sustaining *130 the demurrer, overrule the same, and remand the cause for further proceedings.